## (June 25, 1964)

■ In the Matter of Regional Market Locker Co., Inc., Respondent, v. New York State Labor Relations Board, Appellant.— Order affirmed, with costs. Memorandum: The record does not contain substantial evidence to sustain the conclusion of the Labor Relations Board that the employee was discharged because of his union activities. It is undisputed that Root refused to work more than 40 hours a week and that his refusal resulted in his being absent from his employment on Saturday afternoons, which was the busiest day of petitioner's operation. The employer concluded that it could not operate with Root working only a 40-hour week, as he had arbitrarily decided to do. This was undoubtedly the basis for his discharge, which surely would

have occurred irrespective of his union affiliation. All concur, except Bastow, J., who dissents and votes to reverse the order of Special Term and to confirm the determination of respondent-appellant, in the following Memorandum: Special Term in vacating an order and determination of appellant board conceded in its decision that the evidence before the administrative tribunal was such that "reasonable men might differ on the inferences to be drawn" therefrom. In such event "courts may not weigh the evidence or reject the choice made by the Board where the evidence is conflicting and room for choice exists." (*Matter of Stork Rest.* v. *Boland*, 282 N. Y. 256, 267.) The proof herein presented a factual issue as to whether an employee was discharged because he reduced his weekly hours of work or because of his recent affiliation with a union. The board in a formal decision carefully analyzed the proof, made findings of fact and concluded that the discharge was an unfair labor practice. There was substantial evidence to support the findings of appellant and its order. (Appeal from order of Onondaga Special Term, granting petitioner's motion to vacate the order of respondent.) Present — Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ.